Irene C. SPEARS, Plaintiff–Appellee,

v.

BOARD OF EDUCATION OF PIKE COUNTY, KENTUCKY, et al., Defendants–Appellants.

No. 87–5418.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 12, 1988.

Decided March 8, 1988.

Robert L. Chenoweth, Bryan, Fogle and Chenoweth, Frankfort, Ky., for defendants-appellants.

Jennifer B. Coffman, Brooks, Coffman and Fitzpatrick, Lexington, Ky., Walter A. Kamiat, Bredhoff & Kaiser, Washington, D.C., Jeremiah A. Collins, L. Hope O'Keeffe, for plaintiff-appellee.

Before WELLFORD and NELSON, Circuit Judges, and EDWARDS, Senior Circuit Judge.

PER CURIAM.

Plaintiff Irene C. Spears, a school teacher in Pike County, Kentucky, brought an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, against the county board of education, five of its members, the superintendent of schools, and the superintendent's predecessor. Mrs. Spears alleged that she had been denied promotion on the basis of her sex. The case was tried before a federal magistrate, pursuant to stipulation. On the basis of both direct and circumstantial evidence, the magistrate found that the defendants had failed seriously to consider Mrs. Spears for appointment to any of a number of administrative positions she had sought; that she was objectively better qualified for these positions than the men who received the appointments; and that Mrs. Spear's sex was the motivating factor in the defendants' failure to promote her.

The magistrate's determination that the defendants were guilty of unlawful discrimination was not clearly erroneous, in our view, and we shall therefore affirm the finding of liability. We believe that the magistrate did clearly err in his determination of the point at which the defendants' illegal conduct began, however, and we shall therefore remand the case for a recalculation of damages.

I

Mrs. Spears began working for the defendant board of education in 1972. During the first 13 years of her employment, she was an elementary school teacher. Her supervisors consistently rated her a superior teacher.

Shortly after beginning work for the board, Mrs. Spears undertook to improve her qualifications. She obtained a master's degree in 1974 and a degree as an educational specialist in 1978. In 1979 she attained the highest professional rating a teacher could receive in the Commonwealth of Kentucky, a "Rank I Classification." Effective July 1, 1979, the state certified her as qualified to be an elementary school principal and a supervisor of instruction. That autumn Mrs. Spears sought promotion to an administrative position.

Nearly unfettered discretion to determine who would receive such promotions rested with defendant James T. Dotson, the superintendent of schools during most of this period in question. Mrs. Spears testified, and the magistrate found, that she made oral requests for promotion to Mr. Dotson each year beginning in 1979. Mrs. Spears testified on direct examination that she first spoke to Mr. Dotson about a promotion "shortly after" she received her principal's certificate, an event that appears to have occurred in September of 1979. On redirect examination she testified that the conversation took place in the fall of that year. In the spring of 1980 and each year thereafter she completed and turned in a written application form that

provided: "Your application will be placed on file for consideration when vacancies occur."

Mrs. Spears' attempts to improve her position within the school system did not meet with resounding success. Nine administrative positions became available from 1979 to 1984, and each was filled by a man. Mrs. Spears was not seriously considered for any of these positions.

Some of the individuals who received the appointments asked for them, and some did not. The positions were not posted. Mr. Dotson was not concerned about whether any of his appointees held a certificate of qualification for the position to which he was appointed. The magistrate found that Mrs. Spears was better qualified for each position than the individual who received the appointment, and there is no reason to believe that the magistrate was in error on this.

Mr. Dotson made statements interpreted by the magistrate as demonstrating a discriminatory frame of mind. The magistrate inferred that Mr. Dotson wanted to appoint a man to the co-principalship of Phelps High School in 1979 because of Dotson's statement that he wanted someone who could instill "the discipline of a football coach...." When Mrs. Spears inquired about the principalship at Lookout Elementary School shortly after that position had been filled, Mr. Dotson told her, she testified, that he "needed a man up there."

On June 30, 1984, Mrs. Spears filed charges of discrimination with the United States Equal Employment Opportunity Commission and with the Kentucky Human Rights Commission. Charles Wright replaced Mr. Dotson as superintendent of the school system at about this time. In 1985, on Mr. Wright's recommendation, Mrs. Spears became the principal of the Hellier Elementary School. This was one of the lowest paying administrative positions in the school system. Mrs. Spears filed applications for promotion to better paying administrative positions in both 1985 and 1986. Four administrative positions became available for the 1986–87 school year;

each was filled by a man less well qualified than Mrs. Spears. Mrs. Spears testified that she considered three of the positions better than hers at Hellier, and she said she would have accepted promotion to any of the three.

## II

The magistrate viewed Mr. Dotson's statements on the Phelps and Lookout positions as direct evidence sufficient to support a finding of unlawful discrimination. Applying the method of analysis approved in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the magistrate also found unlawful discrimination on the basis of circumstantial evidence. Mrs. Spears' oral and written submissions to Mr. Dotson and the board constituted applications for jobs that she was qualified to hold and did not receive. Because the board filled the positions with men, a presumption of discrimination arose. Attempting to rebut the presumption, Mr. Dotson testified that Mrs. Spears was passed over only because of the procedure through which vacancies were filled. He testified that when a vacancy occurred he would talk to individuals in the local community, speak with the principals and other administrators of that school and any feeder schools, confer with members of the school board from the locale in question, consider the residence of the potential administrator, and weigh the qualifications and training of that person.

The magistrate found the proffered explanation inadequate. He considered Mr. Dotson's testimony suspect because it was contradicted by the testimony of members of the school board; they stated that Dotson had not consulted with them before making his selections. The magistrate found that Dotson's explanation did not overcome the inference of unlawful discrimination that arose from the superiority of Mrs. Spears' qualifications and the credible testimony of Mr. Dotson's discriminatory statements.

Mrs. Spears was held to be entitled both to back pay (from a point beginning two years before the filing of her claims with

the EEOC and Kentucky's Human Rights Commission) and to front pay, continuing to such time as she might be promoted to a position comparable to that at the Phelps High School, the highest paying of the nine positions for which Mrs. Spears claimed to have been passed over.

### III

Under Title VII a plaintiff may show unlawful discrimination through either direct or circumstantial evidence, or both. See *Blalock v. Metals Trades, Inc.,* 775 F.2d 703, 706–07 (6th Cir.1985). If a plaintiff attempts to show unlawful discrimination through circumstantial evidence only, and if the defendant introduces evidence of a legitimate reason for its adverse employment decision, the plaintiff may prevail if the finder of fact is persuaded that the proffered reason is not worthy of belief or that unlawful discrimination was more likely the reason for the decision. *Sims v. Cleland,* 813 F.2d 790, 792 (6th Cir.1987).

The defendants in the case at bar contend that there was clear error in the magistrate's finding on liability. See Rule 52(a), Fed.R.Civ.P., and *Anderson v. City of Bessemer,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Defendants suggest, among other things, that Mrs. Spears did not establish her case because she did not "specifically" apply for each of the positions that was filled. Some of those actually appointed also failed to apply "specifically," however, and Mrs. Spears was no less an applicant than they. Her oral requests to Mr. Dotson and her written application forms leave no room for doubt that the defendants were on notice that Mrs. Spears was an applicant.

Defendants also suggest that because Mrs. Spears did not have a high school principal's certification, she and the men who received appointments to such positions were "equally unqualified." Five of the positions for which Mrs. Spears was passed over were in elementary schools for which Mrs. Spears did have certification, however, and the defendants never treated

certification as a prerequisite to appointment in any event.

We are not persuaded that the magistrate erred in rejecting the defendants' claim that they had legitimate, nondiscriminatory reasons for promoting men in preference to Mrs. Spears. First, the magistrate had direct evidence of discriminatory animus in the form of Mr. Dotson's statements. Second, defendants' proffered reasons for rejecting Mrs. Spears were not persuasive; as the magistrate found, Mrs. Spears was better qualified than the individuals who were appointed. Moreover, Mr. Dotson's testimony as to what he actually did in filling these positions was contradicted by the board members. The magistrate's finding on liability was not clearly erroneous.

### IV

Defendants also argue that the magistrate used an improper benchmark to determine back pay and front pay. Because Title VII limits the award of back pay to "a date [not] more than two years prior to the filing of a charge ...," 42 U.S.C. § 2000e–5(g), defendants contend that the magistrate could not consider the rate of pay for positions for which Mrs. Spears had been improperly passed over more than two years before the filing of her claim. *Thompson v. Sawyer,* 678 F.2d 257, 291 (D.C.Cir.1982), points the other way, however, and we have recently recognized that Title VII requires that an injured party be placed as nearly as possible in the situation he would have occupied had the wrong not been committed. *Shore v. Federal Express Corp.,* 777 F.2d 1155, 1158–59 (6th Cir.1985). We believe that the magistrate did select the wrong benchmark for determining back pay and front pay, nonetheless, because he used the rate of pay for a position (the co-principalship at Phelps) for which Mrs. Spears was not improperly passed over.

Mrs. Spear's evidence indicated that the Phelps position was filled on July 2, 1979. (The man who received the appointment, a Mr. O'Brien, testified that he was actually appointed in 1978.) It was not until the fall

of 1979 that Mrs. Spears first expressed an interest in promotion to an administrative position—and by that time Mr. O'Brien's selection for the co-principalship at Phelps had become a *fait accompli.* Clearly, in our opinion, another benchmark must be selected.

■ Finally, defendants argue that Mrs. Spears is not entitled to front pay because she has already received a promotion. This argument is unavailing; if

> "an award of back pay does not fully redress a Title VII plaintiff's injuries, and reinstatement is not possible, an award of front pay is sometimes appropriate in order to effectuate fully the 'make whole' purposes of Title VII.

> \* \* \* \* \* \*

> "Awards of front pay should be evaluated under the standards applied to all Title VII relief; whether the award will aid in ending illegal discrimination and rectifying the harm it causes."

*Shore,* 777 F.2d at 1159 (citing *Sawyer,* 678 F.2d at 259). In this case injunctive relief was not available to make Mrs. Spears whole, and the magistrate had discretion to award front pay until such time as Mrs. Spears might be placed in a position comparable to that which she would have occupied had no unlawful discrimination occurred. Her increase in pay by reason of promotion may be taken into account in mitigation of monetary damages.

The judgment rendered by the magistrate is VACATED and the case is REMANDED for recalculation of damages on a basis not inconsistent with this opinion.